Elaine T. Mazur

v.

Richard P. Laverdure

May 22, 2002

Case No. (Chancery) 6433

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses Complainant's request for a clarified Qualified Domestic Relations Order. While Respondent's failure to file a written response to a Petition to Show Cause does not justify a finding of default, the Court grants relief here by clarifying the QDRO.

In accordance with 10 U.S.C. § 1408, the Court looks to Section I(C)(2)(e) of the Marital Agreement, dated April 1, 1991, to ascertain the appropriate disposable retirement pay. This section stipulates an amount equal to Respondent's base pay as of the date of separation, November 1, 1987: $2,520.60. The Court rejects the contention that the subsequent Section (f) implies a requirement to apply the basic pay grade for an 0-3 in February 2000, the actual date of retirement. Acknowledging such an implication would be tantamount to granting Complainant a bonus arising from Respondent's additional service following separation, directly contrary to the language of Section (e). Complainant's entitlement to a share of the retirement pay was fully realized on the date of separation; the fact that this right did not vest for another twelve years does not affect the size of the entitlement. Thus, the Court calculates the appropriate monthly payment to Complainant as follows:

| | |
|---|---:|
| Base pay, November 1, 1987 | $2,520.60 |
| Retirement pay thereon (50%) | $1,260.20 |
| Less VA waiver ($103.00), | |
| SBP ($197.86), Ins. ($28.95) | - $329.81 |
| Total   = | $930.39 |

Complainant's share = (84/242.6) x 50% = 17.3% x $930.39 = $161.07/month.

It is important to note that the Marital Agreement of April 1, 1991, was a bargained-for agreement between two parties who were represented by competent counsel. The fact that the agreement permits elective deductions, or that it fails to provide for cost-of-living increases to the base pay calculation, was discoverable at the time of negotiation and execution. Considering that neither counsel was troubled by such factors at that time, the Court sees no reason to reconstruct the document now.

Accordingly, the Court determines that $161.07 per month should be deducted from Respondent's pre-tax retirement pay, retroactive to February 2000, in order that the Defense Finance and Accounting Service may remit payment to Complainant.

Further, the Court awards to Complainant $2,700.00 in attorney's fees and costs incurred in connection with Respondent's failure to notify her of his retirement and the Court's subsequent finding of contempt. Respondent may purge himself of contempt by paying the attorney's fees and costs within ninety days.